# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY SUNDAY, Father/Parent of Branden Starr Sunday, ) ) ) **Plaintiff,** ) ) v. ) ) **CITY OF VINITA, OKLAHOMA;** ) **VINITA POLICE DEPARTMENT;** ) **BOBBY FLOYD, JR., Police Chief;** ) **JERAD LANGLEY, Detective;** ) **CRAIG COUNTY DISTRICT ATTORNEY;** ) **BOARD OF MEDICOLEGAL** ) **INVESTIGATIONS OFFICE;** ) **JOSHUA LANTER, Chief Med. Examiner;** ) **VINITA FIRE DEPARTMENT;** ) **JIMMY BUNN, OSBI Coordinator;** ) **JOHN DOE, sued as residents/tenants,** ) **insurance agencies of 819 W. Hope Ave.;** ) **JANE DOE, sued as residents/tenants,** ) **insurance agencies of 819 W. Hope Ave.,** ) ) **Defendants.** ) | Case No. 17-CV-309-JHP-FHM |

## OPINION AND ORDER

Plaintiff, a prisoner in custody of the State of Alabama and appearing *pro se*, commenced this action on June 1, 2017, by filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). By Order filed June 14, 2017 (Dkt. # 2), the Court directed Plaintiff to cure a filing fee deficiency, identified deficiencies in the complaint, and provided Plaintiff an opportunity to file an amended complaint. As directed, Plaintiff filed an amended complaint on July 3, 2017 (Dkt. # 4). The Court subsequently granted Plaintiff leave to proceed without prepayment of the filing fee (Dkt. # 6), and

Plaintiff submitted an initial partial filing fee on March 23, 2018 (Dkt. # 9).[1] As discussed below, the Court finds the amended complaint fails to state a claim upon which relief may be granted and that it would be futile to permit Plaintiff any further opportunity to amend. Therefore, the Court shall dismiss the amended complaint without prejudice.

**A.      Amended Complaint shall be dismissed**

      **1.      Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). In performing this initial screening, the court applies the same dismissal standard that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under this standard, a court must accept all the well-pleaded factual allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Nonetheless, "when the

---

[1] By Order filed September 20, 2017 (Dkt. #7), the Court found that Plaintiff failed to submit an initial partial filing fee by the filing deadline of August 21, 2017. However, the Court further found Plaintiff's failure to pay resulted from prison officials directing his monthly legal fee payment to a prior civil rights case, N.D. Okla. Case No. 16-CV-166-JHP-FHM. Dkt. # 7 at 1. The Court advised Plaintiff this case could not proceed until the initial partial filing fee was paid and established a new filing fee deadline. *Id.* at 1-2. The Court received the initial partial filing fee in this case on March 23, 2018. Dkt. # 9.

2

allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the complaint should be dismissed. *Id.* at 558.

Additionally, when a plaintiff appears *pro se*, the court must liberally construe the complaint without taking on the role of plaintiff's advocate. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009); *Kay*, 500 F.3d at 1218. This means that "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even with the benefit of liberal construction, a *pro se* plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Moreover, to avoid assuming an advocacy role, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (noting that it is "not the district court's job to stitch together cognizable claims for relief from . . . wholly deficient pleading[s]").

2.  **Amended complaint fails to state any plausible § 1983 claims**

Plaintiff brings his civil rights action under 42 U.S.C. § 1983. To state a plausible § 1983 claim, a plaintiff must allege facts supporting the "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). When a plaintiff files a civil rights complaint alleging multiple civil rights violations committed by multiple government agencies and multiple government actors sued as individual defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

3

In his amended complaint, Plaintiff alleges his son, Branden Starr Sunday, reported to the Vinita Police Department that he had received death threats. Dkt. # 4 at 3. According to Plaintiff, Branden's complaints were ignored. *Id.* Branden "was later found dead in [a] cellar, fire burning, vent, pipe closed, to appear accident[al]." *Id.* From these facts, Plaintiff alleges multiple claims based on his belief that one or more defendants failed to protect Branden and failed to adequately investigate his death. *Id.* at 1-5. For the following reasons, the Court finds the amended complaint fails to state any plausible § 1983 claims and shall be dismissed.

### a. Count 1

In Count 1, Plaintiff alleges that he and his son were "denied equal protection of the law, denied due process, [and] discriminated against" when "the defendants listed above" wrongfully determined his son's death was an accident. Dkt. # 4 at 3. In support of these claims, Plaintiff alleges he "received knowledge that [his son] had been found unresponsive in exterior celler [sic] with ventalation [sic] pipe closed off, [and] fire burning." *Id.* at 3. He further alleges the defendants wrongfully determined his son's death was accidental. *Id.*

Even a liberal reading of Plaintiff's amended complaint does not permit the Court to construe Count 1 as stating any plausible § 1983 claims. First, Plaintiff fails to allege any facts suggesting the defendants treated either him or his son differently than any similarly situated persons. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (noting the fundamental guarantee of the Equal Protection Clause is that "all persons similarly situated shall be treated alike"); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (rejecting plaintiff's equal protection claim for lack of factual support and noting "even pro se litigants must do more than make mere conclusory statements regarding constitutional claims"). Second, Plaintiff fails to allege any facts suggesting (1) that either he or his son are members of a protected class or (2) that defendants acted with, or

4

failed to act as a result of, a discriminatory purpose or intent in determining his son's death was an accident. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (noting that a plaintiff must allege discriminatory purpose or intent on part of defendant resulting from plaintiff's membership in a protected class); *Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpublished)[2] (rejecting equal protection claim when plaintiff failed to "set forth specific facts showing that race as a motivating factor in defendants' alleged failure to properly investigate her son's death"). Third, to the extent Plaintiff's Count 1 allegations could reasonably be construed as alleging the defendants violated his due process rights by failing to adequately investigate his son's death, he fails to state a plausible claim. *See Maxey*, 26 F. App'x at 808 (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989), for the proposition that individual citizens generally have no "federal due process right to a police investigation"); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (*per curiam*) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."). Fourth, and finally, Plaintiff's allegations in Count 1 fail to identify particular actions of particular defendants as required to put each individual defendant on notice of the claims against him. *Robbins*, 519 F.3d at 1250. For these reasons, the Court finds Count 1 shall be dismissed for failure to state a claim upon which relief may be granted.

    **b.    Count 2**

In Count 2, Plaintiff alleges Defendant Bobby Floyd, Jr., violated his rights and various Federal Rules of Civil Procedure by failing to "take immediate action," failing to investigate

---

[2] This and all other unpublished opinions herein are cited as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

reported complaints, and failing to protect Plaintiff's son. Dkt. # 4 at 4. In addition, Plaintiff also alleges a claim against the Vinita Police Department for negligently training its officers. *Id.* at 4.

For three reasons, Plaintiff's Count 2 allegations fail to state any plausible § 1983 claims. First, Plaintiff fails to provide any factual support for his Count 2 claims. *Id.* As discussed, even a pro se plaintiff must allege facts to support a plausible civil rights violation and cannot rest on mere conclusory allegations. *Brown*, 63 F.3d at 972. Second, the Vinita Police Department is not a suable entity because it lacks a legal identity separate from the City of Vinita. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (noting that "[t]he 'City of Denver Police Department' is not a separate suable entity" and dismissing the complaint as to department), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *Stump v. Gates*, 777 F. Supp. 808, 815-16 (D. Colo. 1991) (discussing several cases and concluding local police department and county coroner's office were not "persons" for purposes of § 1983 because they "enjoy[] no status independent of the municipality itself").[3] To the extent Plaintiff intends to sue the City of Vinita on a theory of municipal liability by naming the Vinita Police Department as a defendant, the amended complaint fails to allege any facts supporting the City's liability. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (holding "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact"). Plaintiff's bare assertion that Floyd, or possibly other members of the Vinita Police Department, "ignored" his son's complaints does not support a plausible claim that the City of

---

[3] For this reason alone, the Court finds Plaintiff's claims against both the Vinita Police Department and the Vinita Fire Department must be dismissed for failure to state a claim upon which relief may be granted.

Vinita's police officers were deliberately indifferent as a result of deficient training. Third, to the extent Count 2 could be construed as alleging a due process claim against Floyd for failing to adequately investigate the death of Plaintiff's son, Plaintiff fails to state a claim upon which relief may be granted because neither Plaintiff nor his son was constitutionally entitled to a police investigation, much less an adequate one. *See Maxey*, 26 F. App'x at 808 (noting plaintiff had no federal due process right to a police investigation of her son's death). For these reasons, the Court finds Count 2 shall be dismissed for failure to state a claim upon which relief may be granted.[4]

### c. Claims against Craig County District Attorney

Plaintiff appears to allege two claims against the Craig County District Attorney: (1) the "[t]ort of outrage infliction of emotional distress," and (2) a Fourteenth Amendment due process claim. Dkt. # 4 at 4. In support of these claims, Plaintiff alleges the District Attorney failed to "perform investigative as well as courtroom related duties in criminal matters." *Id.* Plaintiff further alleges the District Attorney violated his Fourteenth Amendment rights by "engag[ing] in purposeful discrimination by refusing to investigate, fail[ing] to protect, fail[ing] to require, provide equal protection of the laws . . . refusing to investigate, protect, prosecute person's accused of; making murder." *Id.*

---

[4] Within his Count 2 claim, Plaintiff also alleges "OSBI was sent reqeusts on or around 27 Oct. 2015, violated Fed. R. Civ. Pro. 26; 33; 34 seeking culture for fathers own peace of mind, parental rights, Statement of coroner's physician, it is contended contents of the proofs of death, when all taken together, facts, numerous injury's [sic], abrasions, may state in proofs of death." Dkt. # 4 at 4-5. Presumably, Plaintiff asserts these allegations against Jimmy Bunn, the only defendant identified as an official of the Oklahoma State Bureau of Investigation (OSBI). Regardless, even liberally construed, Plaintiff's allegations suggest at most that he sent a discovery request to the OSBI and received no response. These allegations do not state a plausible § 1983 claim against the OSBI or against Bunn as an individual.

The Court cannot reasonably read these allegations as stating any plausible § 1983 claims against the District Attorney for violations of Plaintiff's federally protected rights. Again, Plaintiff asserts conclusory allegations rather than facts to support his claims. *Id.* This does not suffice to state a plausible claim. *Brown*, 63 F.3d at 972. In addition, Plaintiff's asserted tort claim is a potential state-law claim, not a plausible § 1983 claim. Finally, to the extent Plaintiff alleges the District Attorney violated his rights to equal protection or due process by failing to investigate his son's murder, Plaintiff fails to state a claim upon which relief may be granted for the same reasons previously stated. *See Thornton*, 425 F.3d at 1166-67; *Maxey*, 26 F. App'x at 808. Thus, Plaintiff fails to state any plausible claims for relief as to the Craig County District Attorney.

### d. Count 3

In Count 3, Plaintiff alleges a violation of his right to "Equal Justice under the law." Dkt. # 4 at 5. Specifically, he alleges the "Coroner" failed "[t]o hold inquest's; characterized as investigatory, duty investigating crimes; and in cases of death by violence or other undue means, to obtain and secure evidence, breach of implied duty[.]" *Id.* In support of this claim, Plaintiff alleges:

> Because of [his son's] death; that Vinita did not conduct a proper investigation of [his son's] death; Director & Officer liability-based on simple negligence; [d]emand to photographs of Victim Branden Starr Sunday; as he appeared when Vinita Fire Department first appeared on scene Sept. 14, 2015: To prosecute cause of action Coroner's Jury summoned by coroner, or warrant served by appropriate officer; to file with the clerk[] the proceedings had in the inquest into the death of Branden Starr Sunday, It has become known who caused deat[h] and one "Jesse Pigion has been identified cause of death by . . .

*Id.* Liberally construing the amended complaint, Plaintiff appears to allege the City of Vinita, through the actions or omissions of the medical examiner, failed to adequately investigate his son's death. As discussed, whether Plaintiff attempts to state a due process claim or an equal protection

8

claim in Count 3, his allegations are insufficient to state a plausible § 1983 claim because neither he nor his son have a federally protected right to a police investigation. *See Maxey*, 26 F. App'x at 808. Moreover, Plaintiff does not allege any facts suggesting the medical examiner acted or failed to act based on a discriminatory intent or purpose. *See Thornton*, 425 F.3d at 1166-67. For these reasons, the Court finds Count 3 must be dismissed for failure to state a claim upon which relief may be granted.

In sum, the Court finds the amended complaint fails to state any claims upon which relief may be granted. The Court also finds it would be futile to allow Plaintiff any further opportunity to amend. Therefore, the Court shall dismiss the amended complaint without prejudice. As a result, Plaintiff's pending motion for deposition and production (Dkt. # 8) shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The amended complaint (Dkt. # 4) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.
2. Plaintiff's motion for deposition and production (Dkt. # 8) is **declared moot**.
3. Plaintiff remains obligated to pay the $350 filing fee in monthly installments.
4. A separate judgment shall be entered in this matter.

**DATED** this 28th day of September 2018.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma